[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12333

Non-Argument Calendar

_____

BRIAN JAMES ALBERT,

Plaintiff-Appellant,

*versus*

ASSOCIATION OF CERTIFIED ANTI-MONEY
LAUNDERING SPECIALISTS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-05464-SCJ

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

The Association of Certified Anti-Money Laundering Specialists (ACAMS) is an industry organization that offers a professional certification for anti-money laundering specialists. To obtain the certification, candidates must pass a closed-book test. Brian Albert suffers from a learning disorder and would like to take the test open book. ACAMS declined to let him take the test open book, so Albert sued ACAMS for disability discrimination. The district court granted summary judgment in ACAMS's favor, and this is Albert's appeal.

As we explain below, at summary judgment, the district court applied the wrong legal standard in evaluating Albert's disability discrimination claim. We vacate and remand for re-evaluation under the proper framework.

## I.

Brian Albert is a bank compliance officer who has a learning disorder. ACAMS offers an anti-money laundering certification Albert would like to obtain. But Albert must first pass a test designed to evaluate candidates' knowledge of anti-money laundering techniques. The test is closed book. Because of his learning disorder, Albert asked ACAMS if he could take the test open book. ACAMS declined to let him do so because the test "was not designed to be taken in an open book format."

21-12333                Opinion of the Court                3

Albert sued ACAMS, asserting disability discrimination under Title III of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12181 *et seq.*, based on ACAMS's decision not to let him take the anti-money laundering test open book.[1] After discovery, the district court granted summary judgment in part in ACAMS's favor.[2] Albert timely appealed the summary judgment.[3]

---

[1] Albert was originally counseled but is now proceeding pro se.

[2] There were some other aspects of Albert's claims—and the district court's disposition of those claims at summary judgment—that are not relevant to this appeal. Along with asking to take the anti-money laundering test open book, Albert asked for some other accommodations from ACAMS, such as special seating and extra testing time, that the district court held ACAMS must provide. ACAMS has not appealed that part of the district court's decision.

In addition to his disability discrimination claim, Albert asserted a retaliation claim against ACAMS. The district court granted summary judgment in ACAMS's favor on the retaliation claim, and Albert has not appealed that part of the district court's decision.

[3] In addition to challenging the district court's summary judgment of his disability discrimination claim, Albert appeals one other part of the district court's rulings below: its decision, prior to summary judgment, not to allow him to amend his complaint to add new state-law claims and clarify his retaliation claim. On appeal, Albert raises this issue only in passing. Albert's arguments on this issue lack merit. The district court found that Albert's request for leave to amend his complaint—submitted over 16 months after the suit began, and after the original discovery period had ended—was "inexcusably late." That determination was not an abuse of discretion. *See Carrel v. AIDS Healthcare Found., Inc.*, 898 F.3d 1267, 1272 (11th Cir. 2018) ("[W]e review a denial of leave to amend a complaint for abuse of

4                    Opinion of the Court                    21-12333

## II.

Title III of the ADA concerns "Public Accommodations and Services Operated by Private Entities." *See* 42 U.S.C. § 12181 *et seq.* Title III's primary provision, Section 302, prohibits disability discrimination by "place[s] of public accommodation." 42 U.S.C. § 12182. A different, more specialized provision, Section 309, prohibits disability discrimination in the "offer[ing]" of "examinations or courses related to," among other things, "certification."[4] 42 U.S.C. § 12189. The Attorney General has promulgated a regulation interpreting Section 309. *See* 28 C.F.R. § 36.309.

Albert's disability discrimination claim based on ACAMS's decision not to allow him to take its anti-money laundering test open book was expressly asserted under Section 309 of the ADA, the provision relating to "examinations and courses." Yet at summary judgment, the district court evaluated Albert's

---

discretion."). Thus, we affirm the district court's ruling on the amendment issue.

[4] In full, Section 309 states:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. § 12189.

discrimination claim under our established framework governing discrimination claims against "places of public accommodation" under Section 302.  *See A.L. ex rel. D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270, 1289–90, 1292–94 (11th Cir. 2018).

The district court applied the wrong legal standard.  The law that governs Albert's disability discrimination claim against ACAMS is Section 309.  *See* 42 U.S.C. § 12189; *see also Enyart v. Nat'l Conf. of Bar Exam'rs, Inc.*, 630 F.3d 1153, 1160 (9th Cir. 2011) ("42 U.S.C. § 12189, which falls within Title III of the ADA, governs professional licensing examinations."); *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 154–56 (3d Cir. 1999) ("[S]ection 309, the more specific statute governing discrimination by providers of examinations, effectively defines the requirements of Title III of the ADA with regard to examinations.").  We have not previously construed this statute.  Because the district court did not either, we vacate and remand for its re-evaluation of its summary judgment of the open-book testing claim under the proper framework.  In the course of re-evaluating, the district court should commission any additional briefing necessary and take whatever other actions it deems appropriate.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**